### L B. NEAL v. HUGH ALLISON, Surv'r, etc.

APPROPRIATION OF CREDITS. — The law appropriates credits most beneficially for the debtor. The rule is, that where a party is indebted on mortgage and on simple contract, and makes a payment without direction as to its application, the law will apply it to his advantage, i. e.. to the mortgage. McLaughlin v. Green, 48 Miss., 205: Poindexter v. LaRoche et ux., 7 Smed. & Mar., 713.

APPEAL from the Chancery Court of Madison County. Hon. SAMUEL YOUNG, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*J. A. P. Campbell*, for appellant:

1. Horn being tenant, from year to year, of Neal, and failing

to pay rent, an attachment lay. Taylor's Landlord & Tenant, p. 423, § 564. Continued occupancy with consent of the landlord, after one year at fixed rent, fixes the rate for the continued lease.

2. Whether an attachment lay in favor of Neal against Horn is not material in this controversy, for, if complainant below had no right to the subject matter of the litigation as against Neal, the propriety of the attachment could be questioned only by Horn, and not by complainant.

Hugh Allison & Co., by virtue of the deed of trust executed by Horn to secure them, had a right to Horn's crop paramount to the claim of Neal, the landlord, for rent; but only to the extent of securing the amount for which the deed was given, as expressed in it. For any advances beyond the sum named in the deed, they were unsecured and general creditors, and Neal's attachment for rent due him, levied on part of the crop raised by his tenant on the leased premises, was paramount to the claim of the unsecured and general creditor by open account.

When the amount secured by the deed of trust was paid, the deed of trust was *ipso facto* discharged between the parties, and *a fortiori* as to third persons.

There was no pretense that any application of payments was directed, at the time of payment, by Horn, or that any application was ever made by the creditor to the unsecured part of the account. The payments were made, and nothing was said on the subject; but the law made the application to the discharge of the deed of trust. McLaughlin v. Green, 48 Miss., 175; Poindexter v. Laroche, 7 S. & M., 699; Homer v. Kirkwood, 25 Miss., 99; Champenois v. Fort, 45 ib., 355; 32 ib., 634; 33 ib., 447.

*G. L. Potter*, for appellee.

Reporters find no brief in the record for appellee.

SIMRALL, J., delivered the opinion of the court:

This is a contestation between Neal, the landlord, and Hugh Allison, survivor, over the proceeds of five bales of cotton, which

had been attached by Neal for rent in arrear from Horn, his tenant.

Allison claims under a mortgage given upon the crop to secure an old balance of $140 and interest, and the further sum of $300, to be advanced to make the crop of 1873.

It was shown that Allison has realized $548.15, proceeds of cotton shipped to him, besides three bales not accounted for and credited.    It is agreed, however, that there is a general balance of $180 due Allison, after crediting these three bales of cotton.

Allison has been overpaid, which was due upon the mortgage. But he sets up a supplemental verbal agreement with Horn, that the mortgage should stand as a security for advances made over and above the sums therein named.

It is admitted by Neal, in his answer, that he had personal knowledge of the mortgage, and that his right to distrain for rent was subordinate to Allison's security.    But, when cotton enough had passed to Allison, under that contract, to pay off the debt, the landlord was not put upon inquiry to ascertain what further might be due to Allison, and what, if any, secret agreement might have existed when other advances were made.

No specific directions were given as to the appropriations of the credits at the time the cotton was shipped, or afterwards, by Horn.    It was passed by Allison as a general credit on Horn's account.

The law appropriates credits most beneficially for the debtor. McLaughlin v. Green, 48 Miss., 205.    In Poindexter v. Laroche, 7 S. & M., 713, the rule is recognized to be, that if a party is indebted on mortgage and on simple contract, and makes a payment without direction as to its application, the law will apply it to his advantage, i. e., to the mortgage.    Apply that principle to this case, and nothing would remain due upon Allison's mortgage.

Certainly, the landlord may attach effects on demised premises for rent in arrear.    Allison contests this right, with no better

claim than a creditor at large, his security having been satisfied. The landlord ought to prevail.

Decree reversed; and decree rendered in this court to apply the money, raised by the distress for rent on a sale of the property seized under that writ, to the appellant Neal.