D. A. WINDSOR et al. vs. S. H. KENNEDY & Co.

1. APPROPRIATION OF CREDITS: *Mortgage.   Ordinary account.*
 The law applies credits most beneficially to the debtor, and the rule is that where a party owes one debt secured by mortgage, and another by ordinary account or simple contract, to the same party, and makes a payment without any direction as to which debt it shall be applied, the law will apply it to his advantage, *i. e.*, to the mortgage, and *a fortiori* where the payment is made by a delivery of the property conveyed in the mortgage.

APPEAL from the Chancery Court of *Washington* County.
Hon. E. STAFFORD, Chancellor.

A sufficient statement of the case will be found in the opinion of the court.

The following errors are assigned :

1. The court erred in not applying the payment made by the complainants to the mortgage debt.

2. In rendering a decree against the appellants when, on a proper and correct application of the payments made, the mortgage debt was fully paid and discharged.

*Frank Johnston*, for appellants :

By the contract of mortgage not only the personal property, *but the growing crop*, is pledged to secure the $3,000 note given for supplies. The cotton was to be shipped to pay the mortgage debt. The crop thus mortgaged was delivered to the creditors, and should have been applied to the payment of the debt secured by the mortgage. But, in the absence of all contract or direction by the debtor, the rule of law as to the application of credits is well settled in this court. In support of this position, see McLaughlin *v.* Green, 48 Miss., 205 ; Pointdexter *v.* La Roche, 7 S. & M., 699 ; Hamer *v.* Kirkwood, 25 Miss., 99 ; Neal *v.* Allison, 50 Miss., 177 ; Roberts *v.* Ross, MSS. opinion (No. 1813).

*W. L. Nugent*, for appellees :

In Pointdexter *v.* La Roche, 7 S. & M., 712, the court say : " The propriety of the application by Ware to this individual debt of any portion of the payment made to him by Enos may well be doubted. When Enos made the payment it is true that he gave no directions respecting its application, but, *under the circumstances*, what application would the law make? The debt of La Roche and wife was a mortgage debt, and that due to Ware individually was a debt upon a simple contract, and Enos, at the time of the payment to Ware, says he knew of no other debt due by Ware to Pointdexter."

In McLaughlin *v.* Green, 48 Miss., 205, the court held that the debtor had the right to direct the application, *and, in case he fails to do so, the creditor has a right to make the application to any valid and subsisting claim that is due* which he may hold against the debtor.

In Neal *v.* Allison, 50 Miss., 177, it was a mortgage to secure an old balance, $140, and a further sum of $300 to be advanced. Allison had received $548, proceeds of cotton shipped to him, besides three bales not accounted for, after

accounting for which it was agreed there would be a general balance due Allison of $180. And the court say: "But when cotton enough had passed to Allison & Co., under that contract, to pay off the debt, the landlord was not put upon inquiry to ascertain what further might be due to Allison, and what, if any, secret agreement might have existed when other advances were made." The rules summed up by Pothier are these: "1. The debtor has the power of declaring on account of what debt he intended to apply the sum which he pays. 2. If the debtor, *at the time of paying*, makes no application, the creditor, *to whom the money is due* for different causes, may make the application by the acquittance he gives."

CHALMERS, J., delivered the opinion of the court.

We cannot see that this case involves anything more than the question—more than once decided by this court—as to how payments shall be applied where the debtor owes a second and unsecured debt to the same party.

Windsor & Randolph executed a chattel mortgage on a future crop and on their mules, to secure advances made and to be made, to the amount of $3,000, by S. H. Kennedy & Co., of New Orleans. A note for the $3,000, to fall due the succeeding winter, was given to represent the sum expected to be advanced, which note is particularly described in the mortgage, with a provision that when the same is paid off the mortgage shall become void. During the year supplies were obtained by mortgagors to an amount largely in excess of $3,000.

Early in the fall, and before the maturity of the note, cotton sufficient was sent forward by the mortgagors to pay off the note and a portion of the excess of supplies furnished.

Subsequently the mortgagors sold their mules to D. A. Windsor, to whom they were indebted. Thereupon S. H. Kennedy & Co. filed their bill to foreclose the mortgage, making the purchaser of the mules a party. With their bill they filed an account current against defendants, which showed

credits by cotton to an amount considerably larger than the note with interest. The answer of defendants set up the complete payment, and satisfaction of the note and mortgage by the defendants, of cotton, as shown by complainants' own exhibit. There was no proof other than the various exhibits. The chancellor, by his decree, applied the payment of cotton to the account for supplies furnished outside of the note, and ordered a foreclosure as to the amount found due on the latter. We think that this was erroneous. The mortgage was not given for the sum of $3,000 "and further advances," but for the specific sum of $3,000, evidenced by a promissory note specifically described. It is true that at the time the note was taken no actual indebtedness had accrued, but the parties elected to limit the future indebtedness to a fixed amount, and we are bound to conclude that this was the full sum for which defendants were willing to incumber their property.

At all events it was the full sum for which they did incumber it. If complainants chose thereafter to extend credit beyond this amount, they became, as to said excess, mere ordinary creditors, and whenever thereafter any payments were made by delivery of the mortgaged crop, every intendment of law must be that they should be placed to the credit of that portion of the debt which was a lien on the thing delivered. It is said by complainants' solicitor that the debtor having given no directions as to the application of the payments, the creditors had the right to apply them to the unsecured account. We should be reluctant to hold, in the absence of some express or strongly implied assent on the part of the debtor, that a mortgage creditor can receive the mortgaged property and apply it on an unsecured debt, leaving the second debt unpaid. We do not think, however, that the record in this case shows any special application of the cotton by the creditor. The account current, as made out by complainants, is simply an itemized bill of particulars of articles and cash furnished throughout the entire year, footing up an aggregate of $6,737.

It is then credited by the proceeds of cotton and by proceeds of note of defendants, which it seems they had placed upon the market and sold, or discounted themselves.

There is no special application of the proceeds of the cotton to any particular debt.

It is just as if the whole thing were an open account, with a limitation in the mortgage to a specified sum.

In such case the law would apply the payments to that portion of the account which was secured, and when that was paid off the mortgage would be discharged. McLaughlin v. Green, 48 Miss., 205; Pointdexter v. La Roche, 7 S. & M., 699; Neal v. Allison, 50 Miss., 177.

Complainants' solicitor insists that the true theory of the dealings between the parties, as disclosed by the account current, is as follows:

The note for $3,000, given by defendants in March, was forthwith discounted by complainants, and the proceeds, amounting to $2,685, placed to the credit of defendants. This became defendants' money. By the 6th of July it had all been checked out or consumed by them in supplies.

The cotton received in the fall was intended to be applied to the advances thereafter made, which very nearly absorbed it, leaving the original note still protected by the mortgage.

This is too artificial. It is leaving the substantial rights of parties to be defeated by a trick of book-keeping.

It being conceded that the payments made exceed the amount due on the note, the decree of the court below is reversed and the bill dismissed.