## W. L. PEARMAN *v.* R. E. WIGGINS ET AL.

[60 South. 1.]

1. MANDATORY INJUNCTION. *Authority to issue. Nuisance. Public Nuisance. Temporary mandatory injunction.*

> A chancery court has the right to issue a preliminary mandatory injunction, but it should only do so where complainant's right is clear and certain and where there is no probability that the defendant can make a valid objection to it. It is the safer rule to hear both sides before directing its issuance.

2. NUISANCE. *Public nuisance. Private action. Special damage.*

> To abate a public nuisance the public authority must move. A private action either at law or in equity will not lie, unless the plaintiff has sustained a special damage, distinct from that done to the public at large.

3. SAME.

> Irreparable injury lies at the foundation of relief in equity which must be so great as to be incapable of compensation in damages.

4. NUISANCE. *Abatement. Temporary mandatory injunction.*

> A motion to dissolve a temporary mandatory injunction to abate a nuisance, consisting of the placing of certain machinery in the streets of a town near to complainant's place of business, to his damage and inconvenience, should be sustained, where defendant filed an answer denying the allegations of the bill and supported the same by affidavits.

APPEAL from the chancery court of Bolivar county.
HON. M. E. DENTON, Chancellor.

Suit by R. E. Wiggins and others against W. L. Pearman. From an order granting a preliminary mandatory injunction, defendant appeals.

The facts are fully stated in the opinion of the court.

*Longino & Ricketts*, for appellant.

We maintain that the chancery court had no jurisdiction of this cause under the facts set up in the bill. 2 Story Eq. Juris. secs. 925, 925f.

Our Supreme court in the case of *Green* v. *Lake* said: "Generally, a court of equity will not entertain a bill until the right of the complainant has been established at law; if the right is controverted, or not clear, it will refuse relief until the fact that a nuisance exists has been established by law." 54 Miss. 541, *et seq.*

The cause of appellees, who have utterly failed in their proof to show any specific damage to themselves or either of them by the act complained of, could not be benefited by damage to the town of Cleveland or the public, by reason of alleged impediments in the streets of the town; for the reason that if such impediments are in the streets, which might be a nuisance to the public, the public authorities alone can complain.

Quoting from *Green* v. *Lake*, 54 Miss. 545, the court said: "To abate a public nuisance the public authority must move. A private action either at law or in equity will not lie unless the plaintiff has sustained some special

damage." *Biglow* v. *Hartford Bridge Co.*, 4 Conn. 565; *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 114, 121.

The record in this case shows that if any damage or injury resulted from appellees' alleged acts, such damage was to the public, and that no injury was done to the appellees thereby, distinct from that done to the public at large.

In *Green* v. *Lake*, 545, the court distinctly says: "The complainant must sustain a special or peculiar damage— an injury distinct from that done to the public at large." See *O'Brien* v. *Norwich & Worchester R. R.*, 17 Conn. 372.

In the case of *Smith* v. *Austin*, 7 Cushing, 254, which presents a case very much like the one at bar except that one was in a court of law and this one in a court of equity, the court said, after stating that the nuisance, if any, was public and therefore injurious to the community, before the plaintiff could recover he must have suffered a peculiar and special damage not common to the public. Appellees, because of the closeness of Wiggins' store to the obstruction, seem to have relied on that fact for proof of their injury rather than to supply the same by other testimony, which they utterly failed to introduce.

But this court in the case of *Green* v. *Lake*, 54 Miss. 546, said on that point as follows: "On account of his proximity to the obstruction he may suffer more in degree but not different in kind from the others. The same view is repeated in *Brainard* v. *Conn. River & R. R. Co.*, 7 Cushing, 506-510."

Further quoting from *Green* v. *Lake*, the court said: "If they intend by the allegations recited that the establishment complained of is a public nuisance they have no right or suit at law for damages or in equity for perpetual injunction unless they sustain peculiar and special injuries. But if they mean no more than to affirm that the use of the property is a private nuisance as to themselves specially, then the principle is the same."

"Irreparable injury lies at the foundation of relief in equity, which must be so great as to be incapable of com-

pensation in damages." Hilliard on Injunctions, 269, 270.

Equity will not relieve if the injury be doubtful, eventual or contingent. *Butler* v. *Rodgers Srock*—N. J. 478.

Thus while we contend that the bill on its face makes out at best on any construction placed thereon, a public nuisance, if any at all, yet if effect be given to the bill in its strongest light in favor of a private nuisance, then and in that event the appellees are forbidden any relief in action under the law above quoted.

In addition to the foregoing assigned causes for reversal of this case there is another defect in the bill which we think would have been fatal to it if demurrer had been interposed in the lower court, namely: The petition seeks to have the court by injunction abate an alleged public nuisance and in the same extraordinary proceeding which they invoke they sue for unliquidated damages in the sum of five hundred dollars and ask the court for a money judgment in damages.

In *Jones* v. *Jones*, 79 Miss. 261, it was held that a chancery court could not take cognizance of a suit for unliquidated damages arising out of the tort and to set aside fraudulent conveyance of property alleged to have been made by them to defeat complainants' claim.

Since the decree appealed from does not make a disposition of the said question of damages it might seem that the court's failure or refusal to affirmatively decide thereon should be construed as adjudicating the question against the appellee; or that because appellant had not suffered in said decree by the alleged mispleading he would have no right to complain now after the damage had passed.

We admit that there would be force in such a contention if the decree appealed from was final on all the subject-matters of the controversy, but we beg to direct the court's attention to an agreement of counsel in the cause following the final decree in the record in words

following: "It is further agreed that the question of damages, attorney's fees, and other similar matters that are passed upon by the chancellor in the hearing of motions to dissolve the injunction be continued until the final hearing in this case, and that the chancellor shall only hear the motion of the defendant to dissolve the injunction.

*Charles Scott, Sykes & Somerville,* for appellee.

In considering the facts, the chancellor held that the debris is in the public streets in the town of Cleveland. We are glad to note counsel in appellant's brief, on page one, paragraph one, states the injunction was granted by the judge, commanding the removal of certain property of the defendant, (appellant), from the streets of Cleveland. Counsel for appellant quote copiously from *Green* v. *Lake,* 54 Miss. 541, which was a case decided in 1877 upon entirely different conditions, but counsel overlooks *Canton* v. *Potts,* 10 So. 118, and *Covington* v *Collins,* 45 So. 854, which are the latest decisions in Mississippi on such questions. All authorities show the scope of equity and its right to grant injunctions has greatly broadened and we think it is unnecessary to further answer the quotation from *Green* v. *Lake.* The case of *Jones* v. *Jones,* 79 Miss. 261, is not at all point because it was filed under a special statutory enactment, which by its terms limits the rights solely to those granted in that particular statute.

Any obstruction of a highway is a nuisance *per se. Van Bruskirk et al* v. *Bond,* 96 Pac. (Ore. 1808), 1103; *Wakeman* v. *Wilbur,* 42 N. E. (N. Y. Ct. App. 1895;) 341, *Smith* v. *McDowell,* 35 N. E. (Ill. 1893) 140, 22 Dra. 393; *State* v. *Mobile,* 30 Am. Dec. (Ala. 564; *State of Pennsy* v. *Wheeling Company,* 13 Howard, 518; *Connecticut Company* v. *Olcott Company,* 21 Atl. (N. Hamp. 1890)——; *Earl* v. *DeHart,* 1 Beasley Ch. 280, 72 Am. Dec. 395; *Cedar Lake Co.* v. *C. L. Hydr. Co.,* 48 N. W. (Wis. 1891)

370; *Barnett* v. *Tedescki*, 45 So. (Ala. 1908) 904; *Ind. of Houlston* v. *Titcomb*, 66 Atl. (Maine 1906) 753; *Canton* v. *Potts*, 10 So. (Miss.) 448; *Covington Co.* v. *Collins*, 45 So. (Miss. 1908) 854.

The opinion of Judge MAYES from 45 So. 854, *supra:*

"The highway belongs in common to all the public and to any one of the public and any one of the public has the right to object to any but the proper use of that which is the common property of all." *Commonwealth* v. *Allen*, 148 Pa. 358, 23 Atl. 1115, 16 L. R. A. 148, 33 Am. St. Rep. ——.

Adjoining property owners have right of action to abate the nuisance.

The recent work of Mr. Joyce of the New York bar in his reliable work on Injunction, section 1050, gives us this:

"Where there is an unauthorized obstruction of a public street all the adjacent lot owners, who sustain a special injury therefrom can maintain a suit for injunction, and no other parties defendant are required than the alleged trespasser." Mr. Joyce cites the following authorities: *Hark* v. *Buckner*, 54 Fed. 925; *First Nat'l Bank* v. *Tyron*, 39 So. (Ala.) 560.

"The persons erecting or maintaining a nuisance upon a public street, alley or place, are liable to the adjoining owners or other persons who suffer special damages therefrom. 2 Dillion Municipal Corps. 260; *State* v. *Mobile*, 30 Am. Dec. 564, *supra; City of Demopolis* v. *Webb*, 87 Ala. 666, 6 So. 408; *Webb* v. *Demopolis*, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62; *Hoole* v. *Att'y Con'l.*, 22 Ala. 194; *Costello* v. *State*, 108 Ala. 45, 18 So. 820, 35 L. R. A. 303; *Douglas* v. *City*, 118 Ala. 599, 24 So. 745, 43 L. R. A. 376. Further authorities on this point are: *Smith* v. *McDowell*, 35 N. E. (Ill. 1893) 141; *O'Brien* v. *Steel Co.*, 63 N. E. (Ind. 1902) 302; *State* v. *Goodnight*, 11 S. W. (Texas 1888) 119; *Nennsy. Ry. Co.* v. *Reading Mills*, 24 Atl. (Penn. 1892) 205; *Wakeman* v. *Wilbur*, 42 N. E. (N. Y. 1895) 341;

*Murdock case,* 20 Am. Dec. 391, note; Pomeroy Equity Jurisprudence, sec. 1359.

Legal relief of inadequate. A remedy at law is inadequate in every particular in the question now before us. By a single action at law for damages complainant would recover all damages up to the time of suit, but another suit could be brought at each succeeding term of court until the nuisance was abated. Nor will any possible action at law prevent future damage that complaint will sustain until said nuisance is abated.

This nuisance is of such a character that complainants might be justified in removing same from the street. However, then, we consider all the circumstances of the proposition confronting complainants, there is only one inevitable conclusion for the following reasons:

This abandoned gin machinery, valued by defendants at one thousand dollars is of such material and of such weight and dimensions that it would be impracticable for your complainant to attempt to move it. To move this property will require special hands and quite an outlay of money. Complainants have no means by which to move this property. If complainants should move the debris they would be liable to Mr. Pearman in damages for any injuries resulting for such handling. *Indianapolis* v. *Miller,* 27 Ind. 374; *Gates* v. *Blincoe,* 2 Dana (Ky.), 158, 26 Am. Dec. 440; *Trousdale* v. *McDonald,* Taylor (U. C.), 121. *Paddock* v. *Holmes,* 10 L. R. A. (Mo. 1890) 254; Wood Nuisances (2 Ed.), 506, and cases cited.

The other case which lays down the rule in this connection is *Larned* v. *Castle,* 18 Pac. 872, 21 Pac. 11. This rule is that anything which, if continued, would create an easement in the party trespassing on the public highway or otherwise, should be restrained by injunction. *Cooper* v. *Randal,* 53 Ill. 24, also holds thus.

Mandatory injunction proper relief in this case. On the ground that the public authorities have not properly performed their duty, courts of equity have frequently

opened streets or declared them closed by injunction. *Bills* v. *Belknap,* 36 Iowa, 583; *Quinton* v. *Burton,* 61 Iowa, 471; *Bolton* v. *McShean,* 67 Iowa, 307; *Neshkaro* v. *Nest,* 85 Wis. 126; *Moffett* v. *Briand,* 26 L. R. A. 821; *Briel* v. *Natchez,* 48 Miss. 423.

Reed, J., delivered the opinion of the court.

Appellees, by bill, sought an injunction requiring appellant to remove certain secondhand gin machinery, boilers, stands, and other things from the streets of the town of Cleveland, because they were a nuisance. The bill alleges that the nuisance was public and private by reason of the things mentioned blocking the street and interfering with travel, and proving a general injury to the people of the town, and that it resulted in an irreparable injury to appellees, and to the business of appellee Wiggins.

It appears that the business of Wiggins was conducted in a store near to or adjoining the location of the property of appellant, claimed to be a nuisance. It is claimed in the bill that the location of the machinery and other property, which was a part of a gin outfit owned by appellant, was a general inconvenience to appellee Wiggins by delaying him in shipping and receiving freight, and by annoying him and his customers, and in the bill he claimed damages to the amount of five hundred dollars. It is shown that the gin outfit was located on an open space at the side of the store of appellee Wiggins.

Upon the bill an injunction was granted, requiring appellant "to remove the obstruction complained of within ten days from the date of the service of the writ." This injunction commanded the performance of a positive act, and is mandatory.

In the discussion of temporary mandatory injunctions in 22 Cyc. 743, it is stated: "There is no doubt that the court has jurisdiction to issue preliminary mandatory injunctions; and it is proper to do so in cases of extreme urgency, where the right is very clear indeed, and where

considerations of the relative inconvenience bear strongly in complainant's favor. If the issuance, on preliminary application, of an injunction mandatory in nature will have the effect of granting to the complainant all the relief that he could obtain upon a final hearing, the application should be refused, except in very rare cases, and then only where the complainant's right to the relief is clear and certain."

In Pomeroy's Equity Jurisprudence, vol. 6, par. 636, it is stated that such mandatory injunction "is used where the injury is immediate, and pressing, and irreparable, and clearly established by the proofs, and not acquiesced in by the plaintiff, since an order directly compelling an abatement of the nuisance, or a removal of the obstruction, cannot be made upon interlocutory motion."

This court, in the case of *Gulf Coast Co.* v. *Bowers*, 80 Miss. 570, 32 South. 113, speaking through Terrall, J., said: "Our statute makes no distinction in respect to the several kinds of writs of injunction; but in respect to mandatory injunctions, which partake of the character of judicial process, it is a sound rule that a writ of this character should not issue, unless the right to it is so satisfactorily shown that there can be no reasonable doubt of its propriety. The case-made should be such that there can be no probability that the defendant can make a valid objection to it. Unless the grounds for a preliminary mandatory injunction can be inexpugnable, it is the safer rule to hear both sides before directing its issuance."

We find, in the case of *Green* v. *Lake*, 54 Miss. 540, 28 Am. Rep. 378, a very clear and full discussion of the law applicable to this case. Simrall, C. J., delivering the opinion of the court, said: "To abate a public nuisance, the public authority must move. A private action, either at law or in equity, will not lie, unless the plaintiff has sustained some special damage. The complainant must sustain a special or peculiar damage—an injury distinct from that done to the public at large. . . . Irrepar-

able injury lies at the foundation of relief in equity, which must be so great as to be incapable of compensation in damages."

In the present case an answer was filed by appellant, denying the allegation of the bill, and a motion was filed to dissolve the injunction. Several affidavits were taken, and, upon hearing, the chancellor overruled the motion.

After reviewing the facts shown by the pleadings and affidavits, in connection with the law as stated above, we conclude that the chancellor was in error in overruling the motion to dissolve this mandatory injunction. This case should go on to a final hearing, and, following the well-settled rule of law, the proof should be clear and satisfactory before the chancellor should grant a mandatory injunction, as prayed for by appellees, in a private action to abate what is alleged to be a public nuisance.

*Reversed and remanded.*