## NATHAN USHER *v.* W. H. MOSS.

1. LANDLORD AND TENANT. — Where the tenant continues to occupy, and enters upon another year without objection from the landlord and with his silence or tacit consent and approval, a tenancy for another year is thus created, and cannot be terminated in the middle of the term, and in the midst of the crop, but only at the end of the year. Rev. Code, 1871, §§ 1640–1646.

2. SAME — CASE IN JUDGMENT. — The jurisdiction conferred on justices of the peace, by Rev. Code, 1871, § 1646, under which the proceeding at bar was instituted, is held to be special, as contradistinguished from the jurisdiction given by the constitution, and therefore not necessarily embraced within the constitutional provision. But the right of appeal given by the constitution is thereby " secured under such rules and regulations as shall be prescribed by law." The judgment of the circuit court is obtained in the cases arising between landlord and tenant before a justice of the peace by *certiorari* awarded by the circuit court and in no other way. Rev. Code, 1871, § 1660. And it is not error in the circuit court in such cases to dismiss an appeal.

ERROR to the Circuit Court of Alcorn County. Hon. ORLANDO DAVIS, Judge.

Defendant in error brought suit on the 10th of June, 1872, against plaintiff in error, before K. M. Harrison, justice of the peace in Alcorn county, in an action of unlawful detainer, to recover possession of a house and about forty acres of land (described in the proceedings). On the 14th of June, 1872, and on the day set for the trial, the defendant Moss moved to dismiss the cause, and set up five separate and distinct grounds. The motion to dismiss was overruled. On the 17th of June, 1872, the justice of the peace issued a *writ of venire*, and impaneled a jury to try the issue, and the jury found for the plaintiff. On the 18th of June, 1872, the defendant prayed and obtained an appeal to the circuit court.

At the October term of the circuit court of Alcorn county, the appellee in that court filed his motion to dismiss the appeal and discharge the *supersedeas*, both of which motions were sustained,

from which judgment of the circuit court, the case is brought here upon a writ of error.

The following are assigned for errors:

1. The circuit court erred in sustaining the motion to dismiss defendant's appeal.

2. The circuit court erred in overruling defendant's motion to dismiss the suit.

3. The circuit court erred in sustaining plaintiff's motion to vacate and discharge the *supersedeas* granted by Hon. R. B. Boone, one of the circuit judges of the state.

4. The magistrate's court erred in overruling the defendant's motion to dismiss the suit of the plaintiff.

*W. H. Kilpatrick*, for plaintiff in error.

TARBELL, J., delivered the opinion of the court.

This case comes to this court from proceedings before a justice of the peace, under § 1646 of the code, by a landlord to remove his tenant, in the summary mode therein provided.

The affidavit of the landlord on which the proceedings were based set forth, "that in the year A. D. 1871, affiant rented to one Nathan Usher, *for that year*, the following described premises, to wit," (describing them); "that the said Nathan Usher holds and continues in possession of the said house and about one half of said cleared land, after the expiration of his term, without the consent of affiant, who is the landlord thereof, and entitled to the immediate possession of the same. Affiant therefore prays that a warrant may issue for the removal of said Nathan Usher from said demised premises, according to the statute in such cases made and provided."

This affidavit was made June 10, 1872. A summons issued returnable the 14th of that month.

The tenant appeared before the magistrate, and moved to dismiss the cause on the following grounds:

"1. Because there is no such notice on file in the papers as

required by the statute, terminating the tenancy of the defendant.

"2. Because the affidavit of the plaintiff does not state that the necessary notice has been given to determinate the defendant's tenancy.

"3. Because the facts stated in the plaintiff's affidavit show that the defendant's tenancy is from year to year.

"4. Because the plaintiff's demand for the possession of the premises mentioned in the affidavit of the plaintiff is made at a time that would be greatly prejudicial to the defendant.

"5. Because the summons issued by the magistrate shows that it was issued on the 9th day of June, 1872, which was on Sunday, and therefore void."

This motion was overruled, and for answer, the defendant says, he was "in possession of said house and one half of said cleared land under a verbal contract for the lease, use and occupation of the said premises for the year 1872, made with the plaintiff in the latter part of the year 1871, and reiterated, ratified and confirmed by the plaintiff with the defendant in February, 1872."

There was a jury, and verdict for plaintiff.

The evidence is not given in the record. The defendant prayed an appeal to the circuit court, which was allowed by the magistrate.

In the circuit court, there was a motion by the landlord to dismiss the appeal, as follows:

"W. H. Mass, by attorneys, moves the court to dismiss the appeal in this cause because:

"1. The suit in the court below was brought by the said W. H. Moss, as a landlord or lessor, against the said Nathan Usher, as tenant for a year, holding over and continuing in possession of the demised premises after the expiration of his term, without the permission of the landlord, in which case no appeal lies to this court except by *certiorari.*

"2. Because there is no *certiorari* awarded by the circuit court in said cause."

And there was a motion by the tenant to dismiss the cause in the precise words and for the causes stated in the like motion before the magistrate. The circuit court overruled the motion to dismiss the cause, but sustained the motion to dismiss the appeal, and thereupon entered judgment as follows : " It is therefore considered by the court that the said appeal be dismissed, and that the said Nathan Usher and C. W. Bell and A. J. Morgan, sureties on his appeal bond, pay the costs of this court for which execution may issue, and that a *procedendo* issue to the justice of the peace, R. M. Harrison, to carry out the judgment rendered before said justice."

From that judgment of the circuit court, the tenant prosecuted a writ of error, and it is submitted here, that the court below erred in overruling the motion to dismiss the cause and in sustaining the motion to dismiss the appeal.

Two questions of great practical importance are contained in this record : 1. Was this a tenancy from year to year, and if so, did the magistrate err in overruling the motion to dismiss the cause ?   2. Did the circuit court obtain jurisdiction by the appeal, or was the party limited to a *certiorari* to take up the record ?

1. The tenancy, according to the affidavit of the landlord, was from year to year, and this could be terminated only at the end of the year, unless stipulated otherwise in the contract. Where the tenant continues to occupy and enters upon another year without objection from the landlord, and with his silence or tacit consent and approval, a tenancy for another year is thus created, and cannot be terminated in the middle of the term, and in the midst of the crop, but only at the end of the year. Code, §§ 1640, 1646 ; Smith's Landlord and Tenant, 55, 301 ; 4 Wend., 327 ; Greenleaf's Crim., 281 ; Washburn on Real Property.

With reference to the mode of taking the cause from the justice's court to the circuit, it is urged that the right of "appeal" in *all* cases from the judgment of a justice of the peace is secured by sec. 23, art. 6, of the Const., which is as follows : " A compe-

tent number of justices of the peace and constables shall be chosen in each county, by the qualified electors thereof, by districts, who shall hold their office for the term of two years. The jurisdiction of justices of the peace shall be limited to causes in which the principal of the amount in controversy shall not exceed the sum of one hundred and fifty dollars. In all causes tried by a justice of the peace, the right of appeal shall be secured, under such rules and regulations as shall be prescribed by law."

The jurisdistion conferred on justices of the peace by the Code, § 1646, under which the proceeding at bar was instituted, is held to be special, as contradistinguished from the jurisdiction given by the constitution, and therefore not necessarily embraced within the constitutional provision. But, the right of appeal given by the constitution is thereby " secured, under such rules and regulations as shall be prescribed by law."

The judgment of the circuit court is obtained in the cases arising between landlord and tenant before a justice of the peace by *certiorari* awarded by the circuit court, and in no other way. Code, § 1660. Hence, the latter court did not err in dismissing the appeal. It did err, however, in rendering judgment, on dismissing the appeal, against the appellant, and his sureties on the appeal bond, and in awarding a *procedendo.* The circuit court dismissed the appeal for want of jurisdiction of the cause, yet assumed jurisdiction to award the judgment heretofore copied. This was inconsistent, and the judgment was unauthorized.

It is suggested that, if not bound by the statute of limitations, the tenant may yet prosecute a writ of *certiorari* to the judgment of the magistrate, which, upon the record, was erroneous.

As to notice to terminate tenancy, see Code, § 1640. Whether notice was " required " in the case at bar is not supposed to arise on the record. *Vide,* authorities, *supra.*

The judgment of the circuit court, so far as it dismissed the appeal, is affirmed, but is reversed as to the judgment on the appeal bond.