## MADISON LOVE *v.* WILLIAM LAW.

1. AGRICULTURAL LIEN LAW. *Implied contract.*
    Under the agricultural lien law (Acts 1876, p. 109) a writ of seizure will lie against a tenant, although there is no express contract to pay rent; for the word " agreed " in the statute embraces an agreement implied by the conduct of the parties.

2. LANDLORD AND TENANT. *Holding over. Liability for rent.*
    If a man who has been a tenant for years, continues after the expiration of his lease to occupy the demised premises without a new contract, he is liable as a tenant from year to year at the same rate that he paid.

3. SAME. *Defence of adverse title. Estoppel.*
    Such a tenant cannot, when sued for the rent, set up an adverse title in his wife, to defeat the landlord's claim.

ERROR to the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

A writ of seizure, sued out by the defendant in error before a justice of the peace, for seventy-five dollars, rent for the year 1879, was levied on cotton raised upon the premises

occupied by the plaintiff in error, who defended on the grounds that his wife held a deed to the land, executed in 1873, and that in December, 1878, at the close of the fourth year of his occupancy, he had notified the plaintiff that he would rent the premises no longer. The plaintiff proved that the defendant had been in possession of the premises as his tenant for four years, and that he notified him in 1878 that he should charge him rent if he remained there during the year 1879. On appeal from the justice of the peace, the Circuit Court rendered judgment in the plaintiff's favor, condemning the cotton.

*J. W. Downs*, for the plaintiff in error.

The evidence shows a refusal, not an agreement, to pay rent, and under the agricultural lien law (Acts 1876, p. 109), which allows a writ of seizure only for rent " agreed to be paid," this action did not lie. Love was not a tenant in 1869, and was not, therefore, precluded from setting up the outstanding title. No contract by implication grows out of the transactions of the parties, but after the expiration of the lease Love held adversely to the defendant in error.

*W. H. Dudley*, for the defendant in error.

The plaintiff in error, who acquired possession under his landlord's title, and, after holding thereunder for four years, was notified that he would be charged rent if he continued to occupy the premises during the year 1879, was a tenant holding over, and could not question his landlord's title. His remaining the fifth year implied an agreement to pay rent, and gave the statutory lien upon his agricultural products raised upon the land for that year.

CAMPBELL, J., delivered the opinion of the court.

To entitle a landlord to a writ of seizure, under " An Act to provide for Agricultural Liens, and for other purposes," approved April 14, 1876 (Acts 1876, p. 109), it is not necessary that there should have been an *express* contract to pay rent. The act creates a lien " for the rent agreed to be paid ; " but an agreement may be implied, and the word " agreed " embraces an agreement implied by the conduct of the parties. Upon the facts disclosed by the record, the landlord could

maintain a distress for rent.  It is firmly established that where a tenant continues to occupy land which he has held under a contract of leasing, without a new contract, he is liable as a tenant from year to year, at the same rate that he paid before, and is subject to distress for rent.  *Neal* v. *Allison*, 50 Miss. 175; Taylor's Landlord and Tenant, § 564. Love had been a tenant of Law for years.  He could not remain in possession of the leased premises and set up an adverse title to the land against Law.  He was still a tenant if Law chose to consider him such, and is held by the law to have agreed to pay rent, as before.

*Judgment affirmed.*