ALLEN WILSON v. AGNES WOOD.

1. LANDLORD AND TENANT. *Dispossession. Termination of tenancy. Notice to quit. Code 1892, § 2544.*

Where land is leased by the month, to continue for an indefinite period, the tenancy can only be terminated at the end of a monthly term upon one week's previous notice in writing, under Code 1892, § 2544, providing for one week's notice in writing in order to terminate a lease by the month.

2. SAME. *Summary proceedings to remove tenant. Nonpayment of rent. Code 1892, § 2547.*

In order for a landlord to succeed in a suit to summarily remove his tenant from leased premises for the nonpayment of rent, under Code 1892, §§ 2547, *et seq.*, so providing, it is necessary for the affidavit and proof to show:

(*a*) That the rent was past due and unpaid.

(*b*) That three days' notice in writing requiring payment had been given to the tenant; and

(*c*) That the rent could not be made by distress of the tenant's goods.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Mrs. Wood, the appellee, was plaintiff, and Wilson, the appellant, was defendant in the court below. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

*Green & Green,* for appellant.

*McLaurin, Armistead & Brien,* for appellee.

[The reporter has been unable to find the briefs of counsel in this case.]

TRULY, J., delivered the opinion of the court.

This proceeding was instituted before a justice of the peace, under § 2547, Code 1892, to remove a tenant from the leased premises. Appellee filed an affidavit reciting that she was the

owner of a certain lot therein described; that, as landlord, she had rented the same to appellant by the month at $6 per month from 1st January, 1901; that the tenant had wholly neglected to pay any rent, and there was due her $30, which the tenant refused to pay; that on the 16th day of May she notified the tenant, in writing, to pay the amount due for rent, or vacate the premises, but he refused to do either, wherefore she asked for issuance of proper process. This affidavit was subscribed and proceedings begun on the 23d day of the same month in which the notice to vacate was averred to have been given. Summons was issued as provided by law, and appellant made defense by filing denial under Code 1892, § 2552.

The drastic remedy granted by Code 1892, § 2547, can only be invoked in two classes of cases: (1) When the tenant wrongfully remains in possession of any part of the demised premises after the expiration of his term; (2) after default in the payment of rent pursuant to the agreement under which the premises are held, when satisfaction of the rent cannot be obtained by distress, and three days' notice in writing, requiring payment of rent or possession of premises, shall have been served on the tenant. The case made by this record cannot be sustained under either clause of the section on which it is based.

1. It cannot be sustained on the theory that the tenant was wrongfully holding possession after the expiration of his term, because the affidavit states explicitly that the letting was "by the month." As the term was not to expire at a fixed time, notice was, under § 2544, Code 1892, a prerequisite to the termination of the tenancy; and, while the affidavit so states, upon the trial in the circuit court the appellee failed to prove that any notice to quit the demised premises had been served on appellant. Again, the affidavit explicitly states that notice to vacate was given on the 16th inst., and the record shows that proceedings to remove were begun on the 23d of same month. If based on the first clause of the section, the suit was prematurely commenced. Where the letting is "by the month," to

continue for an indefinite period, according to the wishes of the contracting parties, the tenancy can only be terminated at the end of the monthly term then pending, upon notice duly given. This is the evident intent of the law.   *Usher* v. *Moss*, 50 Miss., 208.

2. Nor does the case fall within the second clause of sec. 2547.   If the proceeding is to remove a tenant holding over after default in payment of rent pursuant to the agreement under which the premises are held, then the affidavit must recite, and these recitals must be sustained by competent proof at the trial, that the rent, as stated, was past due; that three days' notice in writing was given, requiring payment; that the rent was not paid, and could not be obtained by distress of goods. The record here discloses that these requirements were not met by appellee on the trial in the circuit court.   One invoking this harsh and summary statutory proceeding must strictly comply with every provision of law applicable thereto.

As these vital questions lie at the very threshold of our investigation, we do not pass upon or consider the several exceptions to the rulings of the court made during the progress of the trial.

*Reversed and remanded.*