## MONTGOMERY *v.* HOLLINGSWORTH.

[90 South. 79. No. 22012.]

1. LANDLORD AND TENANT. *Tenant,, entering under contract unenforceable under statute of frauds, held to become a tenant from year to year.*

   Where one enters upon the leased premises in pursuance of a contract unenforceable under the statute of frauds, which contract contemplates annual settlements between the landlord and tenant, a periodical tenancy is thereby created, and the lessee becomes a tenant from year to year.

2. INJUNCTION. *Mandatory injunction should not be granted without notice.*

   A mandatory injunction should not be granted without notice to the defendant, unless there can be no reasonable doubt of its propriety.

APPEAL from chancery court of Bolivar county.

HON. J. D. MAGRUDER, Special Chancellor.

Bill by Sam Montgomery against J. D. Hollingsworth for injunction, and from an order dissolving a temporary injunction, plaintiff appeals. Affirmed and remanded.

*Sillers, Clark & Sillers,* for appellant.

We invite the court's special attention to the opinion of Justice CALHOUN in the case of *Mallett* v. *Lewis,* in 61 Miss. 105, which, according to our understanding, is absolutely

conclusive of the case above. In the instant case the only time ever contemplated by either of these parties in reference to the working of this land was five years and the time during which this contract was to be continued jointly by them was the essence of the contract and constituted the very basis of their agreement. In the case of *Mallett* v. *Lewis,* the defendant there bound himself not to reenter the drug business in the town of Edwards for five years and for a term of five years to buy all his own drugs from the plaintiff and to influence his friends to do the same, if goods could be obtained from the plaintiff on as good terms as elsewhere. And in that case, the court held that there was an express agreement that the contract should last for five years, and that it was evident that, so far from the parties contemplating full completion within a less period, the time specified was a material part of the contract; and the court uses this language: "While it is true that the parties must know the uncertainty of life and the possibility of death within the year, yet where they deliberately and expressly contract for a longer period of time than the statute permits, it cannot ordinarily be said that the time named by them was not of the essence of the contract and did not constitute the very basis of their agreement." And the court held in this case that the contract sued on was within the statute of frauds. Our court has repeatedly held that the writing required by the statute which would be sufficient to take a verbal contract out of the statute must contain all of the substantial terms of the contract so that they may be understood from the contract itself, or some other writing to which it refers, without resorting to any oral evidence (See *McGuire* v. *Stephens,* 42 Miss. 742; *Waul* v. *Kirkman,* 27 Miss. 823) ; and certainly with the record in its present shape each party claiming that the written agreement between them should contain different terms both as to the manner in which the arrangement between them could be dissolved and as to the very terms of the contract itself in regard to the timber on the property, not only shows that the substantial terms of

the contract were never even put into writing, but shows that the parties themselves had never agreed on what those terms should be. It is not even contended that any writing of any kind was ever signed by appellant Montgomery or by the appellee Hollingsworth.

We call the court's attention to the case of the *Gulfport Cotton Oil Company* v. *Heneau,* 94 Miss. 904, in which the court held that a memorandum of a contract within the statute of frauds must be signed by the party to be charged. It is not contended or shown in any way by this record that there was ever any delivery, or attempt at delivery, of a written contract. We call the court's attention to the case of *Johnson* v. *Brooks,* 31 Miss. 17; and *Jelks* v. *Barrett,* 52 Miss. 315. In each case, our court held that the writing, although complete in all other respects, is not sufficient unless it has been delivered.

We therefore respectfully insist to the court that appellee Hollingsworth had absolutely no contract which is recognized under the laws of the state of Mississippi with appellant Montgomery and therefore had no right upon the property of Montgomery or to interfere in any manner whatever with the property or persons of said Montgomery or with tenants on his property and we respectfully submit to the court that the action of the chancellor in dissolving the injunction issued in this case was error and that the injunction should have been sustained.

*Roberts & Hallam,* for appellee.

The contract which the court below found to exist between the parties to this litigation is embodied in the writing to be found at pages 24 to 27 of the record. It is contended by the appellant that the verbal agreement of partnership between the parties is void because not in writing, and that this written agreement is also void because not signed by the parties, for the reason as alleged that it violates that provision of the statute of frauds which provides that: "An action shall not be brought whereby to

charge a defendant or other party . . . (c) upon any agreement which is not to be performed within the space of one year from the making thereof . . . unless . . . the promise or agreement upon which action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized." (Code 1906, sec. 4775; Hem. Code, sec. 3119.)

In the first place, the statute does not declare that the contract shall be void if the statute is not complied with; it merely declares that an action shall not be brought on it. As to this the rule is thus stated: "Contracts falling within the statute are not ordinarily void or illegal. The statute as a rule merely prohibits, an action to be brought thereon, and if the parties see fit to carry them out, the transactions are valid. So when the parties see fit to carry out an oral lease they are bound by its terms as long as the relationship of landlord and tenant continues. If, however, the statute expressly declares that the contract shall be void, it has no validity whatever." 20 Cyc. 284; *Sims* v. *Hutchins* (Miss.), 8 S. & M. 328.

The suit in the present case was brought by the appellant, not to enforce the contract, not by it "to charge the defendant" Hollingsworth, but in effect to have the court declare that no such contract was ever made and to enjoin the appellee from operating under it. The court has held that the contract was made, and was reduced to writing, and that, believing the testimony of Hollingsworth, it was not signed by the parties because of the repeated representations of Montgomery to Hollingsworth that he could not secure a typewriter with which to copy it, but that he would copy it and submit it for signature. This evidence shows that Hollingsworth even went so far as to bring to Montgomery's office an old typewriter of his own in order that the contract might be copied, and that a part to repair this typewriter was secured from the circuit clerk's office, and that even then Montgomery, under one representation or another, put Hollingsworth off, and put off the copying

of the contract, all the time permitting Hollingsworth to work under the contract and enhance the value of the appellant's land. To permit the appellant now to come into a court of equity and have the contract declared void because the writing was not signed, would be to permit him to use the statute as an instrument of offense, and as a means to perpetrate a fraud upon the right of the appellee. It has even been held "in some states equity will enforce an oral promise to sign the writing on the ground that to refuse to do so would permit the perpetration of a fraud." 20 Cyc. 285. This is but an application of the equitable maxim that "Equity will consider that done which ought to have been done." 25 R. C. L., sec. 343, p. 700.

By referring to the written contract as originally drawn the court will observe that the contract of partnership itself was to run for no definite time, but might be dissolved by either party at any time in a manner pointed out therein. The amendment which the court below found the appellant agreed to, merely provided that this dissolution should not take place until the end of any one year. So that the contract might have been performed in one year, and this alone puts it without the statute of frauds. It is true that the contract also provided that the appellant was to rent to the partnership his half section of land for the term of five years, but this had reference to the lease alone and not to the continuation of the partnership, else the contract is very inaptly drawn. Montgomery drafted the agreement, and it must be construed most strongly against him, under any view, there was a verbal lease of this land by Montgomery to the partnership, and that was sufficient to compel him to execute a written lease. *Lobdell* v. *Mason,* 71 Miss. 937, 15 So. 44; *Hooper* v. *McAllum,* 87 Miss. 441.

If this be not true, then the fact that the appellant permitted the appellee as agent for the partnership to enter upon the lands and, by improving them and carrying on the farming operations, pay the rent, which was the only rent which the appellant individually was to receive, created a

periodical tenancy from year to year, and, therefore, the lease was good for at least one year. *Blake* v. *Voight,* 134 N. Y. 69, 31 N. E. 256, 30 A. S. R. 622; *Smith* v. *Conlin,* 19 Hun. (N. Y.) 234; *Wilhelm* v. *Hardman,* 13 Md. 140; *Johnston* v. *Bowersock,* 62 Kan. 148, 61 Pac. 740; *First Baptist Church* v. *Brooklyn Ins. Co.,* 19 N. Y. 305; *Nat. Ban* v. *Van Derwerke,* 74 N. Y. 234; *Smith* v. *Tarlto,* 2 Barb. Ch. (N. Y.) 336.

We are aware that there is a respectable line of decisions holding that the mere fact that the contract can be put an end to within a year by one or both of the parties does not take it out of the operation of the statute, but we believe that the holding of the foregoing authorities is the sounder one, because as stated in *Johnson* v. *Bowersock, supra:*

"Appellant relies almost exclusively on the case of *Mallett* v. *Lewis,* 61 Miss. 105. It must be borne in mind that that was an action at law brought on a contract which was not reduced to writing and which was to continue for a longer term than one year, and that there was no provision in that contract which permitted its termination, and, therefore, its full performance within one year upon the dissatisfaction of the parties. The court did not there pass upon the question whether a contract to extend for a longer period than one year, but terminable at the end of any one year at the will of either party, was within the operation of the statute of frauds. It could not have done so, because the question was not there involved, and hence the decision is not controlling here. The plaintiff in that case was the actor asserting the validity of his contract, and running diametrically counter to the provision of the statute that an action shall not be brought whereby to charge a defendant, upon a contract of the class there involved; while the complainant in the case at bar is also the actor asserting the invalidity of a contract into which he had voluntarily entered and seeking to deny to the appellee any rights thereunder, and at the same time attempting to hold on to the fruits of that contract without offer-

ing to pay therefor. We cannot believe that this court will do other than did the lower court—refuse to interfere on his behalf, and shut its doors against him *in limine.*"

4. Finally, the appellee being in possession of the land under a *bona-fide* claim of right, the mandatory injunction displacing him from the possession of the land should not have issued without notice and a hearing, and it was, therefore properly dissolved. *Miles* v. *Fink,* 80 So. 533, and cases therein cited.

*Duncan H. Chamberlain,* for appellee.

Appellant contends that even if it be granted that the minds of the parties met in perfect agreement on the terms set forth in the original articles of co-partnership and the aforesaid amendments thereto, the contract is still unen- forcible by reason of the fact that its terms are within the prohibitions of the statute of frauds, (a) because it was not signed by either of the contracting parties, and (b) because it contemplated in its first article a longer period than one year for its performance, and according to appel- lant's notion, could not therefore be fully performed with- in a less period than the full five years set forth in said article.

These same contentions were advanced by the appellant in the Arkansas case of *Valley Planting Co.* v. *Wise,* re- ported in 123 S. W. 768, 26 L. R. A. (N. S.) 403, and were answered. *Arkansas Midland R. R. Co.* v. *Whitley,* 11 L. R. A. 621; Smith Fr. & Constr. of State Fr., section 347.

Would termination on December 1, 1921 have been a violation of it? According to the argument that appellant puts forth with great positiveness in his brief, the exercise by either party to the contract of the option to terminate it at the end of a year's business by dissolution would be a rank violation of its terms. The following language quoted *verbatim et literatim* occurs in this portion of appellant's very adroit brief of the argument: "We invite the court's special attention to the opinion of Justice CALHOUN in the

case of *Mallett* v. *Lewis* in 61 Miss. 105, which according to our understanding, is absolutely conclusive of the above case."

We cannot but think that appellant's very able counsel in the preparation of his brief, have made a very cursory and careless examination of said case in connection with other reported decisions and in connection with the state of facts presented by the case at bar. We say this notwithstanding the fact that learned counsel have incorporated a considerable portion of the report of said decision into appellant's brief. We are persuaded to take this view not merely by the fact that learned counsel have attributed to Judge Calhoun, after misspelling his name, the delivery of an opinion that was really rendered by Judge Chalmers; but aside from these errors which are of minor importance, merely indicating inattention and carelessness of learned counsel in reading decision, counsel have committed the amusing error of omitting in their lengthy quotations from Judge Chalmers' opinion to quote or refer to the only statements in said opinion that are really dangerous to appellee's cause.

Where the time is indefinite, and supervising death may work completion within the year, the court will not infer an intention to violate the statute, but where two, five, or ten years is expressly stipulated for there is no room for inference, and the statute comes like a tyrant and makes all unenforcible.

"The test is usually to be found in the terms of the contract. If in the terms it stipulates for a greater period than one year it is voidable, though it is possible that it may be completed within less than a year. If on the other hand, the time is not specified, the statute is not violated, though the probabilities are that it will require more than a year to completely perform the agreement. This rule will not solve all the cases, but it will perhaps come as near doing so as any general one that can be laid down. Brown on the Statute of Frauds, secs. 247 to 280 and cases cited."

### *Judge Chalmers' Opinion is Obiter Dicta.*

Judge CHALMERS' opinion is *obiter dicta* in so far as the attempt is made to apply it to a verbal contract for a term of years, where the contract provides, as does the one that is shown in the case at bar, that it may be terminated within a less period than one year by the act of either one of the two contracting parties without the consent of the other. *Blake* v. *Voight,* 31 N. E. 256, 30 Am. St. Rep. 622.

In the recent case of *Standard Bitulithic Co.* v. *Curran,* 256 Fed. 68, *Blake* v. *Voight,* is quoted as the leading New York authority and made to do duty to save from the maw of the statute of frauds, the contract set forth as follows in complainant's amended bill of complaint:

"That the contract dated on the 2nd day of September, 1910, was that the term of employment was for the term of the Warrenite and Bitulithic patents, approximately nine and one-half years, to commence September, 1910, with the option to the plaintiff and an option to the defendant to terminate such contract within six months thereafter, if the services of the plaintiff were unsatisfactory, or the position was unsatisfactory to the plaintiff."

If we further consider the fact that Justice BATTLE of the Arkansas court cites this very same textbook, Browne on the Statute of Frauds, as authority for statements of the law that are completely at variance with the statements that we have quoted from Judge CHALMERS' opinion, the case of *Mallett* v. *Lewis* must be abandoned as an authority in the state of Mississippi unless we Mississippians are willing to hug error to our souls forever rather than admit that our great Mississippi jurist was after all far from being infallible. This would be rank idolatry and chauvinism, and will not, we feel quite sure, commend itself to the best thought of either the bench or the bar of the state of Mississippi. *Arkansas Midland R. R. Co.* v. *Whitley,* 11 L. R. A. 621; *Valley Planting Co.* v. *Wise,* 123 S. W. 768, 26 L. R. A. (N. S.) 403; *Brewer* v. *Browning,* 76 So. 519. The Jackson case is lined up with overwhelming authority.

It will take only a cursory examination into the authorities set forth in Vol. 11 of the 2nd Decennial Digest under the title Frauds, Statute of Key Nos. 47, 48, 49, 50, 51 and 56. (9) To convince any legal mind that the Jackson case is in accord with the overwhelming weight of authority.

That the alleged contract is not within the statute of frauds is well settled, for it was possible to performance within one year. See *Carning* v. *Carr* (Mass.), 35 Lawy. Rep. Ann. 512, and the very full notes in which the authorities are cited (s. c. 46 N. E. 117) ; *Jackson* v. *Illinois Central R. R. Co., supra; Duckhatikiewicz* v. *Golumbuski,* 111 Atl. 430 (Del.) ; See, also, *M. M. & D. D. Brown* v. *Eastern Maryland R. R. Co.* (W. Va.), 99 S. E. 457; *Arkansas Midland R. R. Co.* v. *Whitley* (Ark.), 11 L. R. A. 621; *Fearon Lumber & Veneer Co.* v. *Lawson's Adm'r* (Ky.), 224 S. W. 882; *Valley Planting Co.* v. *Wise* (Ark.), 123 S. W. 768, 26 L. R. A. (N. S.) ——; *Rice* v. *Parrott,* 111 N. W. 583 (Neb.) ; *Chaffe & Sons* v. *Benoit,* 60 Miss. 34; *Standard Bitulithic Co.* v. *Curran,* 256 Fed. 68; *Blake* v. *Voight* (N. Y.), 31 N. E. 256, 30 Am. St. Rep. 622.

(M). Appellant predicates his whole argument upon this false position. We do not mean to accuse opposing counsel of deliberate perversion of the facts of this case in the presentation of their argument. But the fact remains that their whole brief is predicated upon the false premises that we are now complaining against. We do not wish to appear ungracious and boorish to opposing counsel; but we cannot, without protest, wear their cap and balls, and we refuse to allow ingenious counsel to garb the learned special chancellor in robes of motley hue.

### *Mandatory Writs on Ex Parte Hearings.*

Mandatory writ to dispossess appellee issued on *ex parte hearing.* We come now to possibly the gravest question presented by the facts of the instant case. But as the law enunciated in the cases of *McClurg* v. *Hicks,* 115 Miss. 879, 76 So. 736; *Burton* v. *Pepper,* 116 Miss. 139, 76 So.

762, and *Miles* v. *Fink*, 119 Miss. 147, 80 So. 532, is fresh in the minds of the honorable supreme court, it will be a work of supererogation for counsel for appellee to attempt to point out from this standpoint the improvidence of the writ of injunction issued in this cause, or the propriety of its dissolution by the learned special chancellor on motion of appellee.

Therefore we insist that no error was committed in the dissolution of this injunction and submit that the action of the lower court should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellant, Sam Montgomery, as complainant in the chancery court in his bill alleges that he is the owner of certain farming lands in Bolivar county, that during the latter part of the year 1920 he and the defendant discussed a partnership arrangement between themselves for the farming of these lands for the ensuing five years, but that they never agreed upon the terms of the partnership, and that, before the defendant had moved himself and family or any of his goods upon the lands of the complainant, he (complainant) notified the defendant not to move upon the property, and that they could not reach an agreement.

The bill further alleges that the defendant has moved his household goods on the property and is seeking to take charge of the property over the protest of complainant. Among other things, he prays for the issuance of an injunction against the defendant, enjoining him from moving his property to the plantation of complainant, and commanding him to remove himself and his property of all kinds from the said plantation, and that he be enjoined from interfering in any manner with the property or with the business of the complainant; that on final hearing the injunction be made perpetual.

Without notice to the defendant a temporary mandatory injunction in accordance with the prayer of the bill was issued by the chancellor. The defendant in his answer al-

leges that he and the complainant during the latter part
of the year 1920 entered into an agreement whereby they
became partners to farm the plantation of the complain-
ant for a period of five years; that it was agreed between
them that this agreement be reduced to writing, and that
all the terms of the writing were agreed to between them,
but that it was never signed by either party, because the
complainant wished to typewrite the agreement; that the
agreement had originally been typewritten by complain-
ant, but that certain changes therein had been inserted by
the defendant, and for this reason complainant wished to
retypewrite the entire agreement, which, however, was
never done; that under this agreement the partnership
could be terminated at the end of any farming year upon
the request of either party.  The answer further alleges
that in pursuance of this agreement and with the knowl-
edge and consent of the complainant the defendant moved
upon the lands during the month of December and began
to improve them; that he contracted with labor in the part-
nership name to work the lands for the farming year of
1921; that he hauled the material and built a house upon
the lands, and had actually hauled and placed into the
house a part of his household furniture and effects, and
was about to move his family at the time suit was brought.
It is also alleged in the answer that the defendant had
actually been living for some time in a little house upon the
land while he was erecting the house for himself and fam-
ily.  The answer is made a cross-bill, and asks that the
complainant be required to execute the agreement of part-
nership entered into between them.  A motion to dissolve
the temporary mandatory injunction was made and was
heard upon bill, answer, and oral testimony, and was dis-
solved by the chancellor, from which order this appeal is
here prosecuted to settle the principles of the case.

Both the complainant and the defendant testified upon
this hearing, and their testimony is conflicting.  The tes-
timony of the complainant is to the effect that they never
came to a definite agreement as to the articles of part-

nership. He admits, however, that the defendant had ac-. tually taken charge of the plantation, made a number of contracts with the hands for the ensuing farming year, and made some improvements on the place. That these contracts with tenants were made in the name of Montgomery and Hollingsworth. That he paid each week to these tenants amounts due them as shown by the statement of Hollingsworth.

The defendant testified that they had thoroughly agreed upon the terms of the partnership, and that upon the suggestion of the complainant he agreed that the same be put in writing. This agreement is shown in the record. It is, however, unnecessary to set it out in full. It is sufficient to say that under it complainant agreed to rent this plantation to the partnership composed of himself and defendant for the term of five years. The defendant is to put up his time and work and that of his family against the renting of the land, and to use certain farming stock and implements upon the place. The defendant is required to keep accounts of expenses, etc., and render them weekly to the complainant, and these expenses are to be paid by complainant at that time. It is provided how the partnership may be dissolved, namely, at the end of a year's business. It provides how the farm produce shall be sold, and that the partnership will have an annual settlement on December 1st of each year.

The defendant testified that under this contract he was in the actual management of the plantation, carrying out its terms, when for no apparent reason he was informed by the complainant that he (complainant) was not satisfied, and that the partnership was at an end; that he declined to agree to this termination of it, whereupon he was served with the mandatory injunction.

It is the contention of the appellant that the agreement is void because within the statute of frauds, namely, that it is to exist for a period of five years; that since it is a void agreement the defendant has no rights under this agreement—citing *Mallett* v. *Lewis*, 61 Miss. 105. Under

this decision we think the contract comes within the statute of frauds.

In this case, however, the defendant took possession of the property under the agreement, made contracts with the hands for the farming year, and was improving the property for the purpose of making a crop during the year 1921. The agreement shows that there were to be annual settlements, namely, on December 1st. Though the contract be unenforceable under the statute of frauds, since Hollingsworth actually entered into possession of the leased premises, in pursuance of this contract a periodical tenancy was thereby created good from year to year. *Scruggs* v. *McGehee,* 110 Miss. 10, 69 So. 1003; *Hutchinson* v. *Platt,* 119 Miss. 606, 81 So. 281; note, 17 Ann. St. Rep. 752.

As the defendant was in possession of the land under *bona-fide* claim of right, it was error for the chancellor in the first instance to grant the mandatory injunction without notice to the defendant. *Miles* v. *Fink,* 119 Miss. 147, 80 So. 533. In the case of *Gulf Coast Co.* v. *Bowers,* 80 Miss. 570, 32 So. 113, the rule is there announced that—A "mandatory injunction . . . should not issue unless the right to it is so satisfactorily shown that there can be no reasonable doubt of its propriety. The case-made should be such that there can be no probability that the defendant can make a valid objection to it. Unless the grounds for a preliminary mandatory injunction be inexpungeable, it is the safer rule to hear both sides before directing its issuance."

This language is quoted with approval in the case of *Pearman* v. *Wiggins,* 103 Miss. 4, 60 So. 1.

For both of these reasons the chancellor was correct in dissolving the injunction.

*Affirmed and remanded.*