HAMILTON *et al. v.* FEDERAL LAND BANK.

(Division A. April 27, 1936.)

[167 So. 642. No. 32222.]

W. F. Latham, of Quitman, for appellant.

**H. F. Case**, of Quitman, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The appellee, Federal Land Bank, instituted unlawful entry and detainer proceedings before a justice of the peace against the appellant, Buster Hamilton, for possession of certain lands. The case was tried before three justices of the peace, who rendered a judgment in favor of appellee. Buster Hamilton appealed to the circuit court where the cause was submitted to a jury which rendered a verdict in favor of appellee for possession of the property and rent for the year 1935, from which Buster Hamilton appeals here.

The only witness examined was Buster Hamilton, and his testimony was to the effect that in 1930, by some kind of proceeding, he was evicted from the land; that some months later he moved back upon the land with the knowledge of the appellee, and had paid rent, fifty dollars each year, thereon, being forced, by legal proceedings, to pay the rent for the year 1934.

Notice was given Hamilton by the bank to remove from the premises on January 14, 1935, at which time he had planted his oats and prepared the land for plowing.

It was agreed that appellee had title to the land, and that there was no lease or rent contract between the parties for the property covering the year 1935. As stated, written notice was served on Hamilton to vacate on January 14, 1935, and this proceeding was instituted on February 7th of the same year.

There was no dispute that Hamilton had occupied the premises with the knowledge of the appellee for about four years, and had paid fifty dollars rent each year, and Hamilton testified that for the year 1934 his two bales of cotton were seized under legal proceedings and subjected to the payment of rent to the appellee.

On this evidence, Hamilton requested, and was refused, a peremptory instruction, basing his request upon the fact that written notice was not served upon him to vacate two months before the termination of the year 1934. Section 2224, Code of 1930, reads as follows: *"Notice to terminate tenancy.*—Notice to quit shall be necessary only where the term is not to expire at a fixed time. In all cases in which a notice is required to be given by the landlord or tenant to determine a tenancy, two months' notice, in writing, shall be given where the holding is from year to year," etc.

In the case before us, there is no evidence that there was any fixed time for the termination of the tenancy, and no agreement, between the parties, to terminate it. For the four-year period, by the year, Hamilton, as ten-

ant, had attorned to the Federal Land Bank, as landlord, by payment of rent to it.

Ordinarily and generally, the relationship of landlord and tenant will be implied where there is ownership of land, on the one hand, and occupancy, by permission, on the other. Here, the occupation began with the knowledge of the appellee and was continued, evidently, with its permission, by the acceptance of fifty dollars per annum as rental therefor. See 35 C. J., p. 957, sec. 21. The acceptance of rent by the appellee for the preceding years prima facie established the relation of landlord and tenant by the year. See 35 C. J., p. 959, sec. 22.

In the case of Scruggs v. McGehee, 110 Miss. 10, 69 So. 1003, 1005, a tenant entered land under an oral agreement, as lessee, giving five annual rent notes, and paid the periodical rent agreed upon for the four years, and it was there held that he became a tenant from year to year, and that a purchaser who bought the land the last year of the term could not dispossess the tenant without giving him two months' written notice to vacate, as required by section 2882, Code of 1906. In this case, Judge Stevens quoted the following: "As a general rule, a parol lease of lands for years is construed as creating only a tenancy at will, unless under the saving clause of the statute of frauds it may be good for a year. Such tenancy, however, will be subsequently changed into a tenancy from year to year, by payment and acceptance of the rent annually, and by other circumstances indicating that to be the intention of the parties, so that the almost universal rule at present is that a parol lease for years, under which possession is taken and rent paid, creates a tenancy from year to year." Cyc., vol. 24, p. 1030. See, also, Love v. Law, 57 Miss. 596; Richardson v. Neblett, 122 Miss. 723, 84 So. 695, 10 A. L. R. 272, and Montgomery v. Hollingsworth, 127 Miss. 346, 90 So. 79. Where the relation of landlord and tenant exists, and there is a holding from year to year, with no definite period for the

termination of the lease, notice to terminate the tenancy is essential to the maintenance of a suit against a tenant for possession. Wilson v. Wood, 84 Miss. 728, 36 So. 609, and Scruggs v. McGehee, supra.

In the case of Usher v. Moss, 50 Miss. 208, this court held that, ''Where the tenant continues to occupy, and enters upon another year without objection from the landlord and with his silence or tacit consent and approval, a tenancy for another year is thus created,'' and this tenancy cannot be terminated in the midst of the crop.

In the case at bar, the tenant had the tacit consent of the landlord. The entry by Hamilton upon the premises four years prior to this suit may have constituted him then a trespasser, but the landlord could elect to constitute and acknowledge him as tenant. By demanding and receiving annual rents, the Federal Land Bank so elected here, and the prima facie case thus established is not here controverted. Hamilton, by paying the rental, recognized the relation, though, perhaps, he did it unwillingly. Appellee does not offer to show that Hamilton did not pay the rent as tenant, and the fact that there was never a contract, oral or written, could not militate against the tenant under these circumstances.

Of course, appellee could have controverted this presumption by showing that the payment was not made and received as rent, but it rested upon some other consideration. In other words, after the year, 1930, a tenancy by the year was created by implication. The occupancy alone of Hamilton did not create the tenancy, nor did the payment alone of money, but the course of dealing here by the parties, undenied, did so create a holding from year to year. The tenant, without the statutory notice to the contrary, held over into the year 1935, plowed the land, planted his oats, and had a right to presume that the relation would be continued for that year. Usher v. Moss, supra.

The appellant was entitled to the peremptory instruction requested, and the case will be reversed and judgment entered here for the appellant.

Reversed, and judgment here for appellant.