GRAHAM *et al. v.* CAUTHEN.

(Division A. May 11, 1936.)

[168 So. 58. No. 32223.]

John W. Crisler, of Clarksdale, and L. Barrett Jones, of Jackson, for appellants.

G. Edward Williams, of Clarksdale, for appellee.

Argued orally by **L. Barrett Jones,** for appellant.

**McGowen, J.,** delivered the opinion of the court.

We do not deem a detailed statement of the facts of this case necessary.

The proceeding was brought under section 2226, Code 1930, before the judge of the county court by appellee, as the lessee of Federal Land Bank, against Graham, and the subtenants of Graham, Arnold Burns and George Graham, to evict them from the lands in controversy.

On the issue of right to possession of lands, the court below was not in error in granting appellee a peremptory instruction, as appellant was not entitled to notice to quit for the reason that he testified that his term ended, for the year 1934, on December 31, 1934. The proceeding to oust him having been begun in January, 1935, after notice to vacate, was served by appellee on the appellant Henry Graham on January 9, 1935.

The record further shows that Henry Graham leased the place for the year 1933, he to pay a part of the crop as rent therefor. He made a new contract for the year 1934, by which he agreed to pay a fixed rental, and gave his note therefor. The copy of the note is not in this record.

The record further shows that appellant Henry Graham undertook to make a new contract, orally, for the year 1935, during the month of November, 1934. This conversation did not constitute a new contract, as the parties came to no enforceable agreement, even according to Graham's version, and that version is contradicted.

In that situation it cannot be said that appellee's lessor tacitly allowed Henry Graham to hold over as a

tenant from year to year. The appellee did not waive his right to have possession, because he did not notify Henry Graham to vacate until January 9, 1935. Nine days was not an unreasonable length of time for a landlord to allow his tenant to remove from the premises.

The evidence here shows that the tenant held under definite, different contracts for the years 1933 and 1934, and, in addition, so admitted by seeking to enter into another contract for the year 1935, which, as we said, he did not consummate.

The facts of the case do not bring it within the statute (sec. 2224) requiring two months' notice. Nor are the cases of Usher v. Moss, 50 Miss. 208; Love v. Law, 57 Miss. 596; Wilson v. Wood, 84 Miss. 728, 36 So. 609; Scruggs v. McGehee, 110 Miss. 10, 69 So. 1003; Richardson v. Neblett, 122 Miss. 723, 84 So. 695, 10 A. L. R. 272; and Buster Hamilton v. Federal Land Bank (Miss.), 167 So. 642, decided April 27, 1936, in apposition thereto.

The court in this case erred in peremptorily instructing the jury that rents could be apportioned for the time January 9, 1935, to March 9, 1935, based upon the rental paid or agreed to be paid by George Graham, one thousand one hundred twenty-five dollars, for the year 1934. It does not follow at all that the rent of farm lands for the period here involved would be proportionate to the rental value thereof for an entire year.

As to the subtenants, Arnold Burns and George Graham, who undertook to hold as such by virtue of an oral lease or contract for the year entered into by them with Henry Graham, there could be no liability for double rent by them unless lawful notice had been served on each of them by the landlord to quit the premises. No notice was served George Graham or Burns. Section 2225, Code 1930. The penalty imposed by the statute is for a failure to comply with the notice therein required.

It is contended that because the clerk of the county court filed all papers, including answer of appellants, and issued the process, instead of the county judge, therefore, the judgment of that court was void; the statutes vesting jurisdiction in this behalf in the county judge and not in the county court. On appeal that question was not raised in the circuit court, and is urged here for the first time. The obvious answer to this contention is that in the court of the county judge the appellants waived the service of process upon them, and all of them appeared before the county judge by their answer; and the judgment shows that the case was tried by him on the agreement of all parties. In that situation, the county judge had jurisdiction of the subject-matter by force of the statute and of the person by appearance and agreement. There is no merit in this contention.

As to all the appellants, there was an erroneous judgment of the amount of rents due by them for the period of time involved, and the subtenants are not liable for double rents.

As to the eviction of appellants, the judgment of the court below is affirmed. As to the rents, the case is reversed and remanded for a trial on that issue as to all the appellants.

Affirmed in part; reversed and remanded in part.