WILLIAMS *v.* BARLOW, et al.

In Banc. Feb. 28, 1949.

(38 So. (2d) 914)

**H. H. Parker,** for appellant.

**Morse & Morse,** for appellees.

**Hall, J.**

The appellant, G. H. Williams, filed a bill in chancery against Mrs. Elsie Barlow and Mrs. Jennie D'Antoni alleging that for several years he had been renting from Mrs. Barlow, on a monthly basis, a restaurant building in the city of Picayune for a monthly rental of $35; that in September, 1945, he requested her to make certain needed repairs to the property and that they reached a mutual oral agreement to the effect that she would not expend any funds for that purpose, but would guarantee him a continuation of his occupancy for a period of five years at the same price if he would make the repairs himself, and that as a consequence of this agreement he expended a considerable sum of money in making the repairs and continued in the occupancy of the building and continued to pay his monthly rental to Mrs. Barlow until she sold the property to Mrs. D'Antoni about one year thereafter. The bill alleges that complainant has learned that his alleged oral agreement for five years' occupancy of the property is void, on account of the statute of frauds, but that he is nevertheless entitled to a mechanic's and materialman's lien on the land and building for the amount expended by him in making the repairs. It also alleges that the repairs were made with the knowledge and consent of Mrs. Barlow, and that Mrs. D'Antoni purchased the property with full knowledge of his rights, after which she demanded $65 per month rent of him, which he refused to pay.

Separate answers were filed by both defendants specifically denying the allegations of the bill, and, with her answer, Mrs. D'Antoni filed a cross-bill charging that she is entitled to possession of the premises and to a decree for rent in the amount of $65 per month from the date she notified Mr. Williams of the increase in rent.

The case was heard on the aforesaid pleadings and oral evidence, and a decree was entered dismissing the original bill and denying the relief therein sought, and awarding to Mrs. D'Antoni rent in the amount of $35 per month from September 1, 1946, and also awarding her possession of the property, but allowing Mr. Williams two months in which to vacate, after which a writ was directed to be issued putting Williams out of possession, and the decree further provides that the rent to be paid by Williams after the date of the decree shall be $65 per month.

Williams appeals and assigns error first in denying him a lien on the property for the repairs which he made, and second in awarding Mrs. D'Antoni possession of the property and rent thereon.

At the trial there was a sharply disputed issue of fact. Williams testified in support of his bill, and Mrs. Barlow testified that she never agreed to give Williams any kind of rental contract except on a month to month basis, that for the small rental which she was receiving Williams was to keep the property in repair, and that she did not know he had made any repairs until long after they were completed, and she positively denied that she had ever agreed to pay for any repairs. She also testified that when Mrs. D'Antoni offered her $5,500 for the property, she got in touch with Williams and offered to let him have it at the same price if he wanted it, but he declined to pay that amount and told her to go ahead and sell it and made no claim for repairs. In some of the details, Mrs. Barlow is corroborated by her brother-in-law. Mrs. D'Antoni testified that when she purchased the property she did not know of any claim by Williams for a lien for repairs, and that she paid cash for it.

On this issue of fact the chancellor found against the appellant and dismissed his bill. After a very careful examination of all the evidence, we cannot say that the chancellor erred in so doing. His finding is not against

the weight of the evidence, and is not manifestly wrong. Therefore, the decree is affirmed insofar as it dismissed the original bill and denied the relief therein sought.

The second error assigned is fraught with more difficulty than the first. It is admitted by all the parties that Williams was never given any written notice to terminate his tenancy of the premises and that his rental was from month to month for an indefinite period of time. Mrs. D'Antoni testified that after she bought the property, she called Williams by telephone and advised him that thereafter his rent would be $65 per month and that he refused to pay this and positively stated that he would not pay it.

Section 946 of the Mississippi Code of 1942 provides that notice to terminate a tenancy shall be given in writing by the landlord to the tenant in all cases where the tenancy is not to expire at a fixed time, and that where the letting is by the month one week's notice in writing shall be given. There is no claim in the record here that any notice, either written or oral, was ever given to Williams to terminate his tenancy. In fact, the record shows that no notice was given. Under the cited statute, this Court has repeatedly held that a letting of real property by the month for an indefinite period of time can only be terminated against the will of the tenant at the end of the monthly term then pending by giving one week's notice in writing. Usher v. Moss, 50 Miss. 208; Wilson v. Wood, 84 Miss. 728, 36 So. 609; Lay v. Great Southern Lumber Co., 118 Miss. 636, 79 So. 822. We find, therefore, that the chancellor was in error in terminating the tenancy of Williams and awarding possession of the premises to Mrs. D'Antoni, and in that respect the decree must be reversed.

Almost identically the same situation was shown in the case of Boncroft v. Seashore Camp Ground School, 120 Miss. 446, 82 So. 314, 315, and in that case the Court said:

"The appellant was a tenant of the appellee from year to year, and it does not appear that she agreed to pay the increase in the rent of the land here sought to be recovered. Conceding, for the sake of the argument, that the appellee notified the appellant before the beginning of the series of years for which this increase in rent is sought to be recovered that they intended to so increase the rent, the appellant did not, by merely remaining on the land, become liable therefor. She has the right to hold the land until the tenancy is terminated by the appellee in the statutory manner, and is liable only for the rent she agreed to pay. "Reversed, and bill dismissed."

In view of this case, the chancellor was also in error in awarding an increase in rent from $35 per month to $65 per month from and after the date of the decree. The award of rent in the amount of $35 per month from September 1, 1946, up to the date of the decree is in line with the quoted case and is correct.

The decree of the court below is accordingly affirmed as to a dismissal of the original bill and is also affirmed as to the award of $35 per month rent from September 1, 1946, but that portion of the decree awarding $65 per month rent after the date thereof and awarding possession of the premises to Mrs. D'Antoni is reversed.

Affirmed in part, and in part reversed and judgment here.