### Jones, Guardian *v.* Parker, Extx.

Dec. 15, 1952

No. 38576 12 Adv. S. 27 61 So. 2d 681

*Hardy Lott,* for appellant.

66

*Alfred Stoner,* for appellee and cross-appellant.

Hall, J.

S. F. Jones died in 1925 leaving a last will and testament whereby he undertook to appoint his widow, Mrs. Ralda N. Jones, as guardian of their daughter, Mary V. Jones, a non compos mentis, who was born in 1899 and who was then confined in Stewart Home School in Frankfort, Kentucky. This appointment was of course invalid since █ there was no authority of law for a testator to name a guardian for an adult non compos mentis. Nothing was left by this will to the daughter, Mary V. Jones, but S. F. Jones left a life insurance policy payable to Mary V. Jones whereby she was to receive a guaranteed pay-

ment of not less than $100 per month for life, with a total guaranteed payment of not less than $18,000.

Mrs. Ralda N. Jones, mother of the non compos mentis, on petition to the chancery court without reference to the will, was appointed and qualified as guardian of Mary V. Jones on October 25, 1925, after a proper adjudication that the ward was insane. Thereafter she made regular accounts of her guardianship showing receipts and disbursements under order of the court through September 16, 1933. No account has been filed since that time. On March 25, 1935, the chancellor entered a decree relieving the guardian from making further reports until further order of the court. There was then in effect a decree of September 1, 1931, authorizing and empowering the guardian to expend for the support and maintenance of the ward, until further ordered by the court, a sum of money not to exceed $100 per month, in the discretion of the guardian, which decree was never revoked or modified.

At the last account on September 16, 1933, the guardian had on hand $4,321.65. Since then she received from the insurance company $19,976, making a total of $24,297.65 to be accounted for. Mrs. Ralda N. Jones suffered a cerebral hemorrhage on December 24, 1948, and died on March 9, 1949. Her daughter, Mrs. Lillian Jones Parker, a widow who had lived with her mother for several years and who was the largest beneficiary in her mother's will, qualified as executrix of her mother's will and as such executrix filed a final guardian's account for her mother, to which exceptions were filed by S. Frank Jones, a brother of Mrs. Parker, who had been appointed guardian for Mary V. Jones. Hearing was had on this final account and the exceptions thereto. The chancellor charged Mrs. Jones' estate with the above mentioned receipts, all of which had been handled by Mrs. Jones through her personal bank account, commingled with her own funds, and allowed credit for disbursements made for the benefit of Mary V. Jones in the amount of $14,-

295.27, and found that the estate of Mrs. Ralda N. Jones is indebted to Mary V. Jones in the amount of $10,002.38 for which he granted a recovery, but he specifically denied an allowance of interest thereon. From that decree the guardian of Mary V. Jones appeals and contends that he is entitled to recover interest on the amount found to be due the estate of his ward. Mrs. Parker prosecutes a cross-appeal and contends that the principal amount awarded is excessive and should not have exceeded the sum of $4,384.62.

The record before us is voluminous and ▮▮ without detailing the evidence offered at the trial, we simply say that it is amply sufficient to support the decree in determining the principal amount due. The chancellor's finding is not against the weight of the evidence and is not manifestly wrong as to this feature and therefore we are not authorized to disturb it. Williams v. Barlow, 205 Miss. 449, 38 So. 2d 914.

▮▮ As to the disallowance of interest we are of the opinion that the decree is clearly in error and should be reversed. Appellant contends that interest should be allowed at the rate of 8% per annum under Section 421, Code of 1942, which applies where a guardian permits surplus funds to lie idle without reporting the same to the court and asking for an order for disposition thereof. In the case of Reily et al. v. Crymes, 176 Miss. 133, 147-148, 168 So. 267, this Court said: "When a guardian converts the money of the ward to his own personal use, without previously having arranged by proper proceeding under Section 1885, Code 1930 (Section 421, Code 1942), to borrow the funds upon security approved by the court, the guardian has been guilty of a breach of his bond, Pan-American Life Ins. Co. v. Crymes, supra, 169 Miss. 701, at page 716, 153 So. 803, and he and his bondsmen *have become liable as in debt for the money thus converted; and having become thus indebted,* there is no authority in any court in this state to release *that debt* except upon payment thereof, not in property nor

in securities, but in money.'' (Emphasis supplied). It is thus seen that this court has held that a conversion of funds amounts in effect to a simple debt. The interest rate for a simple debt is fixed by our statute at six per cent per annum, Section 36, Code of 1942, Section 1946, Code of 1930, and we are of the opinion that appellant is entitled to recover from appellee simple interest at said rate of six per cent per annum on the various amounts received by Mrs. Ralda N. Jones from time to time, less the expenditures made by her from time to time for the maintenance of the ward, and the decree will accordingly be affirmed on cross-appeal and likewise affirmed on direct appeal as to the award of the principal sum of $10,002.38, but it will be reversed as to the disallowance of interest and will be remanded for computation of simple interest at the rate of six per cent per annum.

Appellant argues that, if he is not entitled to eight per centum interest under the aforesaid statute, then under the authority of Russell v. Russell, 164 Miss. 335, 342, 144 So. 542, the interest allowed should be compounded at the rate of six per cent per annum. That case involved a gross fraud by a fiduciary who had become hopelessly insolvent. In the case at bar appellant concedes in his brief that ''if Mrs. Ralda N. Jones had lived she would have correctly accounted for all of the guardianship assets including the profits that she made with them; and the court below was of the same opinion.'' It is not contended that Mrs. Jones was guilty of any fraud or intentional misconduct. Her estate is not insolvent; on the contrary, she left cash and liquid assets, consisting of bonds, stocks and securities, in the value of more than $44,000 in addition to unincumbered real estate the exact value of which is not shown by the record. In 39 C. J. S., p. 153, Guardian and Ward, Sec. 87d, it is said: ''Compound interest ordinarily is chargeable in cases of fraud, gross negligence, or abuse of trust on the part of the guardian, but only simple interest will be

charged in cases of simple neglect of duty without fraud or intentional misconduct.'' We are of the opinion that that authority fits and should be applied to the case here presented.

Affirmed on cross-appeal; affirmed in part on direct appeal, and in part reversed and remanded.

*McGehee, C. J.,* and *Alexander, Kyle* and *Holmes, JJ.,* concur.